IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON N. ARMBRUSTER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-02182-MAB |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 33).

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner granted Plaintiff's application for benefits. The fee agreement between Plaintiff and his attorney (Doc. 33-2) provided for a fee of 25% of Plaintiff's past-due benefits. Plaintiff was found to be entitled to disability benefits beginning on July 2, 2015, and the amount of past-due benefits is in excess of $54,000.00 (Doc. 33-4). The Commissioner withheld 25% of that amount ($7,551.00) for attorney's fees, subject to court approval. (Doc. 33-5).

42 U.S.C. § 406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." 42 U.S.C. § 406(b)(1)(A). In practical terms, this means

that, when a fee is awarded under § 406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Here, the Court awarded an EAJA fee in the amount of $4,609.13. (Doc. 31). On January 14, 2020, the U.S. Department of the Treasury gave notice that it applied part of the attorney fee, in the amount of $4,575.00 to Plaintiff's federal debt (Doc. 33-3). Therefore, it appears that Plaintiff's counsel has not received the EAJA fee that was awarded previously to her (Doc. 38, p. 2).[1]

The Supreme Court has held that § 406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by Plaintiff, the amount of the past-due benefits and the value of the projected benefits, the Court concludes that $7,551.00 is a reasonable fee.

While the Commissioner has no direct stake in the § 406(b)(1) fee request, he "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*,

---

[1] This appears to be Defendant's understanding as well. In the response to the motion for attorney's fees, Defendant highlighted for Plaintiff that if Plaintiff's counsel intends to recover the EAJA fee from Plaintiff, she cannot keep both the EAJA fee and the § 406(b) fee (Doc. 38, p. 2).

535 U.S. at 798, n. 6. The Commissioner has filed a response indicating he does not oppose the fee request. (Doc. 38).

Accordingly, Plaintiff's Attorney's Motion for an Award of Attorney Fees (Doc. 33) is **GRANTED**. The Court awards Plaintiff's counsel Traci L. Severs a fee of $7,551.00 (seven thousand, five hundred and fifty-one dollars), to be paid by the agency from the past-due benefits. Upon receipt, counsel shall either not seek or, if she has already received the difference, refund to Plaintiff the amount of the EAJA fee.

**IT IS SO ORDERED.**

**DATED: July 7, 2021**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**